UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-277 |
| | § | |
| T.S. DUDLEY LAND COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

Plaintiff, Phillip David Haskett, filed this lawsuit on August 27, 2014, against Defendants T.S. Dudley Land Company, Inc.; "Unknown Clients of T.S. Dudley Land Company #1-#9;" and "Jon Doughs [sic] #1- #9." (Dkt. 1).

Haskett is a Texas resident who is representing himself in this lawsuit *pro se*.[1] This is one of a series of similar lawsuits Haskett has filed in this Court, each alleging that various Defendants unlawfully discriminated against him because they failed to hire him because of his age. The live pleading in this case is Haskett's First Amended Complaint. (Dkt. 11).

---

[1] Although Haskett is *pro se*, he is familiar with the litigation process, this Court, and the Fifth Circuit Court of Appeals. *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257, filed July 24, 2014 (age discrimination based upon failure to hire Haskett from his response to on-line job postings); *Haskett v. T.S. Dudley Land Company, Inc. et al*, No. 3:14-cv-00277, filed August 27, 2014, (same, also seeking declaratory judgment that contract landmen hired by Defendant are properly classified as "employees"); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities); *Haskett v. Continental Land Resources, LLC et al*, No. 3:14-cv-00281 (age discrimination and declaratory relief claims); and *Haskett v. Orange Energy Consultants, LLP et al*, No. 3:14-cv-00348 (age discrimination and declaratory relief claims).

T.S. Dudley's answer specifically denied Haskett's allegations, asserting that it had legitimate, non-discriminatory reasons for not hiring Haskett. T.S. Dudley also asserted several affirmative defenses, and counterclaimed against Haskett for abuse of process, contending that Haskett "litigates as a hobby and that he bragged about inventing phony claims to induce undeserved settlements." (Dkt. 32).

T.S. Dudley has now moved for summary judgment on Haskett's ADEA claim against it. (Dkt. 54). T.S. Dudley contends that this Court should grant summary judgment because (1) the ADEA does not apply to the position Haskett sought; (2) Haskett was not qualified for the position he sought; and (3) there is no evidence to show that T.S. Dudley's nondiscriminatory reason for failing to hire Haskett was pretextual.

Haskett has filed a response entitled "Dispute of Material Facts Relied on By Defendant T.S. Dudley's Motion for Summary Judgment." Dkt. 102. In that document, Haskett raised objections to the summary judgment evidence relied upon by T.S. Dudley and contended that there were genuine disputes of material fact in this case. Haskett attached two emails to his response.

## APPLICABLE LAW

### A. Summary Judgment Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

2

If the movant produces evidence tending to show that there is no genuine dispute of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 321–323. The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), citing *Celotex*, 477 U.S. at 324. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted." *Celotex*, 477 U.S. at 322-23.

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). But summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). Additionally, allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston,*

*Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995) (for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).

Further, parties have the obligation to specifically point out the evidence upon which they rely. Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A); *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013). Under Rule 56(c)(3), "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The Fifth Circuit has explained that, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) ; *see also Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (concluding that a deposition "was never made part of the competent summary judgment record before the district court" because the party opposing summary judgment "failed to designate, or in any way refer to, the deposition as the source of factual support" for its response to the summary judgment motion).

The Court applies the above standards while remaining mindful that a *pro se* plaintiff's motions and pleadings are to be construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

**B. Age Discrimination under the ADEA**

The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Nicholson v. Securitas Sec. Services USA, Inc.*, 830 F.3d 186, 188–89 (5th Cir. 2016) (quoting 29 U.S.C. § 623(a)(1)).

A plaintiff may prove his ADEA failure-to-hire claim with either direct or circumstantial evidence. If the claim is based on circumstantial evidence, courts use the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, the plaintiff must put forth a *prima facie* case, requiring him to show that: (1) he was over forty; (2) he was qualified for the position sought; (3) he was not hired; and (4) the position he sought was filled by someone younger, or the failure to hire him was due to his age. *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999). If plaintiff can establish such a showing, then the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the employment decision. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)). If the defendant articulates such a reason, the plaintiff must then prove "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 231 (5th Cir. 2015). "That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'" *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 143, 120 S.Ct.

2097, 147 L.Ed.2d 105 (2000). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 147–48, 120 S.Ct. 2097. Ultimately, "[w]hen a plaintiff alleges disparate treatment, 'liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.'" *Reeves*, 530 U.S. at 141, 120 S.Ct. 2097. In other words, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Palacios v. City of Crystal City, Tex.*, 634 Fed. App'x. 399, 402 (5th Cir. 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).

**C. Analysis**

The Court will assume, *arguendo*, that the ADEA applies to the position that Haskett sought and that Haskett established a *prima facie* case of discrimination under the ADEA. The Court's analysis here turns on the third, determinative, issue raised by T.S. Dudley—there is no genuine dispute of material fact as to whether the legitimate non-discriminatory reasons T.S. Dudley has given for not hiring Haskett are a pretext, or that Haskett was not hired because of his age.

T.S. Dudley provides several reasons for its decision not to hire Haskett. It points to his previous poor job performance rating in the company's own files, as well as Haskett's designation as "Do Not Hire" at the time the decision not to hire him was made

in 2013. Next, T.S. Dudley contends that Haskett was less geographically eligible for the job at issue than candidates that were hired. Finally, it also points out that of several candidates hired were over the age of 40.

As summary judgment evidence, T.S. Dudley's motion provides an affidavit by Jeffery T. Aldridge, its Human Resources Manager. According to Aldridge, Haskett had worked for T.S. Dudley as a landman in 2008. A landman, as generally described by T.S. Dudley's 2013 "Master Contractor Agreement for Field Landman Services," performs services "includ[ing] obtaining information regarding titles to land or minerals; and includes seismic permitting, acquisition of oil and gas leases, negotiating and finalizing certain agreements and documents involving title to lands, easements, right-of-way, minerals or other interests in land . . ." Aldridge stated that T.S. Dudley maintains a Personnel Database with information on present and past landmen, and including information on Haskett's work in 2008. As part of this Personnel Database, Aldridge explained that a T.S. Dudley employee regularly rates an individual landman's performance and recommends whether the landman should be considered again for future projects. If the employee does not recommend the landman be used again in the future, a "Do Not Call" box on the Database record is checked, indicating that the landman is recommended as a "Do Not Hire." Aldridge stated that Haskett received such a "Do Not Call" rating after his work in 2008, and Database excerpts attached to his affidavit confirm that Haskett's listing has such a rating. Additionally, Haskett's Database record notes that he was "Ineligible for Rehire," and a "Manager Comment" note dated August 20, 2009, confirms, "I would not recommend him. He was a lease buyer for us on the

7

Polo South Prospect. He talked a great talk, but his work did not live up to it. He really did not buy too many leases and became very difficult to work with."

In June 2013, Aldridge published a message on an internet site soliciting applications from "Landmen with 4+ years of HBP experience and prefer them to be local to Oklahoma, southern Kansas or Texas panhandle." Haskett applied for the position by submitting his resume. Aldridge received Haskett's resume, which had a Nacogdoches, Texas address on it, and he also looked at Haskett's Database record. Aldridge states, "Because I saw that the 'Do Not Call' box was checked, I did not consider him for any future positions. . . . I responded to Plaintiff's email and indicated that we would not be hiring him because T.S. Dudley was seeking landmen that were more local to, or lived closer to, Oklahoma, and that he was not living in the areas described in the Job Posting." Aldridge instead hired 18 other applicants, 7 of whom were over the age of 40, and only two of whom resided outside of Oklahoma (one in Fort Worth, Texas, and one in Littleton, Colorado). There is no indication in the evidence presented that any of the individuals that Aldridge hired had received "Do Not Call/Do Not Hire" or negative performance ratings similar to Haskett's rating. .

Haskett did not file a traditional reply brief to T.S. Dudley's motion for summary judgment, nor did he submit his own evidence in an attempt to raise a genuine dispute of material fact. Instead, he filed a series of objections to statements made in T.S. Dudley's motion, and he also raised objections to some of T.S. Dudley's summary judgment evidence. In particular, Haskett objected to the screenshots of the Personnel Database as inadmissible "hearsay," and he "dispute[d]" whether the "Do Not Call/Do Not Hire" box

8

was actually checked at the time Aldridge consulted the Database in 2013. He also contended that the employee Aldridge named as the person who had reviewed Haskett's performance in 2008 was not the T.S. Dudley employee who had been assigned to supervise and evaluate his work.

This is simply not enough to defeat T.S. Dudley's motion, even under the generous standards of summary judgment practice for ADEA claims. The Court is guided by the Fifth Circuit's recent decision in upholding summary judgment granted in favor of a defendant on an ADEA claim. *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 16-60597, 2017 WL 3887994, at *4 (5th Cir. Sept. 5, 2017). "[P]retext cannot be established by mere 'conclusory statements' of a plaintiff who feels [s]he has been discriminated against." *Id.* As in *Malcom*, Haskett has not "pointed to any competent summary judgment evidence to rebut the [Defendant's] justification." *Id.* As to Haskett's contentions that the "Do Not Call" box in the Personnel Database was not checked in 2013, this bald assertion lacks any evidentiary support and is insufficient to create a genuine dispute of material fact. As to his evidentiary objections, the Court notes here that, as the Fifth Circuit recently pointed out, summary judgment evidence need not be authenticated or otherwise presented in an admissible form. *See* FED. R. CIV. P. 56(c); *Lee v. Offshore Logistical & Transp.*, LLC, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). Instead, after the 2010 revision to Rule 56, "materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'" *Maurer v. Indep. Town*, 16-30673, 2017 WL 3866561, at *3 (5th Cir. Sept. 5, 2017) (cleaned up).

9

"This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Id.* (citing FED. R. CIV. P. 56(c)(1)(A)).

Considering all of the reasons given by T.S. Dudley for its decision not to hire Haskett, and its evidentiary support for those reasons, as well as Haskett's failure to raise a genuine dispute of material fact, the Court finds that T.S. Dudley is entitled to summary judgment in its favor on Haskett's claims against it.

## CONCLUSION

For the foregoing reasons, after full consideration of the pleadings, the motion for summary judgment, the summary judgment evidence, the response, the reply, and the relevant case law, the Court hereby **GRANTS** Defendant's motion for summary judgment on all of Haskett's claims against it.

SIGNED at Galveston, Texas, on September 18, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE