UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-277 |
| | § | |
| T.S. DUDLEY LAND COMPANY, INC., *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Phillip David Haskett, filed this lawsuit on August 27, 2014, against Defendants T.S. Dudley Land Company, Inc.; "Unknown Clients of T.S. Dudley Land Company #1-#9;" and "Jon Doughs [sic] #1- #9." (Dkt. 1).

Haskett is a Texas resident who is representing himself in this lawsuit *pro se*.[1] This is one of a series of strikingly similar lawsuits Haskett has filed in this Court, each alleging that various Defendants unlawfully discriminated against him because (according to Haskett) their sole reason for not hiring him was that they guessed his age after reading his resume online. In each of these lawsuits, Defendants have all denied any such age-based discrimination, and they have instead vigorously defended themselves by

---

[1] Although Haskett is *pro se*, he is familiar with the litigation process, this Court, and the Fifth Circuit Court of Appeals. *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257, filed July 24, 2014 (age discrimination based upon failure to hire Haskett from his response to on-line job postings); *Haskett v. T.S. Dudley Land Company, Inc. et al*, No. 3:14-cv-00277, filed August 27, 2014, (same, also seeking declaratory judgment that contract landmen hired by Defendant are properly classified as "employees"); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities); *Haskett v. Continental Land Resources, LLC et al*, No. 3:14-cv-00281 (age discrimination and declaratory relief claims); and *Haskett v. Orange Energy Consultants, LLP et al*, No. 3:14-cv-00348 (age discrimination and declaratory relief claims).

pointing to a number of reasons for their decision(s) not to hire Haskett, including allegations that potential employers found Haskett contentious, and that he had performed poorly on prior occasions.

This case is notable for the fact that T.S. Dudley has filed an abuse of process counterclaim on Haskett, whom it characterizes as an out-of-control vexatious *pro se* litigant who also enjoys the advantage of litigating *in forma pauperis*, i.e., at taxpayer expense. The Court recently granted summary judgment for T.S. Dudley on Haskett's claims against it. Dkt. 175. Now, the Court turns to T.S. Dudley's own motion for summary judgment against Haskett for abuse of process, an intentional tort under Texas law. Dkt. 113. The Court has previously set out the factual and procedural history of this case, as well as the relevant summary judgment standards. Those standards are incorporated and applied herein.

The Fifth Circuit recently addressed the tort of abuse of process under Texas law, in *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 124–25 (5th Cir. 2017). The Fifth Circuit noted that, to succeed on an abuse of process claim, a plaintiff must show the following three elements: (1) "the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process;" (2) "the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process;" and (3) "damage resulted to the plaintiff as a result of such illegal act." *Id.* (citing *Liverman v. Payne–Hall*, 486 S.W.3d 1, 5 (Tex. App.—El Paso 2015, no pet.) (cleaned up)).

In its motion, T.S. Dudley contends, "Plaintiff has improperly used his blatantly baseless claims for age discrimination as a threat to blackmail Dudley into paying over money to him and has attempted to interfere with Dudley's business relationships. Additionally, Plaintiff has abused the discovery process and is seeking information well beyond the scope of discoverable material in a further attempt to alienate Dudley from its clients and contractors. Plaintiff's use of this action as a tool to blackmail Dudley and seek information about individuals and entities that have nothing to do with his ADEA claim constitute an improper use of process for an improper purpose." As evidence to support its motion, T.S. Dudley points to Haskett's wide, and often improper, discovery requests and notices in this suit and others, contending that he has "improperly used the Court's processes to seek information about individuals and entities who are completely unrelated to his claim for age discrimination against Defendant and has threatened the use and continued use of the Court's processes seeking to blackmail Defendant into paying over an unjustified amount in settlement." T.S. Dudley also points out that, in this case, Haskett has even threatened to subpoena the EEOC investigator assigned to his claim and that Haskett has an "extensive litigation history" in this and other courts.

In fact, at least one court now requires Haskett to seek its permission before filing any lawsuits in that jurisdiction. *See, e.g.,* Order Directing Phillip David Haskett to File a Motion for Permission to Appear Pro Se for All Future Cases in Which He Wishes to Appear as a Plaintiff in the Fourth Judicial District, *The Sarah D'ann Haskett Educational Trust v. Stevens*, Case No. 09CV264, District Court for El Paso County, Colorado, dated April 15, 2010 (finding Haskett had been involved in more than 60 cases

in the State of Colorado, had engaged in problematic behavior during discovery and "misused the legal system for the purposes of harassing and intimating his adversary"); *Haskett v. Flanders*, No. 13-CV-03392-RBJ-KLM, 2015 WL 5258848, at *2 (D. Colo. Sept. 10, 2015), aff'd, 654 F. App'x 379 (10th Cir. 2016) (noting, "Mr. Haskett has a reputation for frivolous litigation" and that he is "something of a bully" who "engages in litigation as a hobby," including bragging "I invented the concept of phony counterclaims as bargaining chips.").

Nonetheless, although these items might be said to paint a rather unflattering and unpalatable picture of Haskett, they do *not* necessarily establish that there is no genuine dispute of material fact as to Haskett's intent with respect to *this* lawsuit. After considering the relevant case law regarding abuse of process, and in light of the summary judgment record before it, the Court finds that the summary judgment evidence presented by T.S. Dudley fails to establish that it is entitled to summary judgment on its abuse of process claim at this time.

Accordingly, the Court **DENIES** T.S. Dudley's motion for summary judgment.


SIGNED at Galveston, Texas on September 19 2017.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE