UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-277 |
| | § | |
| T.S. DUDLEY LAND COMPANY, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Phillip David Haskett, filed this lawsuit on August 27, 2014, against Defendants T.S. Dudley Land Company, Inc.; "Unknown Clients of T.S. Dudley Land Company #1-#9;" and "Jon Doughs [sic] #1- #9." (Dkt. 1).

Haskett is a Texas resident who is representing himself *pro se*. This is one of a series of strikingly similar lawsuits Haskett has filed in this Court, each alleging that various Defendants unlawfully discriminated against him because (according to Haskett) their sole reason for not hiring him after posting available jobs online was that they guessed his age after reading his resume.[1] In each of these lawsuits, Defendants have all denied any such age-based discrimination, and they have instead pointed to a number of reasons for their decision(s) not to hire Haskett, including allegations that Haskett had a

---

[1] *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257 (age discrimination based upon failure to hire Haskett from his response to on-line job postings); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities); *Haskett v. Continental Land Resources, LLC et al,* No. 3:14-cv-00281 (age discrimination and declaratory relief claims); and *Haskett v. Orange Energy Consultants, LLP et al,* No. 3:14-cv-00348 (age discrimination and declaratory relief claims).

history of being contentious and that he had performed poorly when he had been hired in the past.

This lawsuit is notable because the Defendant in this case, T.S. Dudley, has filed an abuse of process counterclaim against Haskett, characterizing him as an out-of-control vexatious *pro se* litigant who also enjoys the advantage of litigating *in forma pauperis*, i.e., at taxpayer expense. This Court recently granted summary judgment for T.S. Dudley on Haskett's claims against it. Dkt. 175. Now, the Court turns to T.S. Dudley's own motion for summary judgment against Haskett for abuse of process. Dkt. 113. The Court has previously set out the factual and procedural history of this case, as well as the relevant summary judgment standards. Those standards are incorporated and applied herein.

The Fifth Circuit recently addressed the tort of abuse of process under Texas law, in *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 124–25 (5th Cir. 2017). There, the Fifth Circuit noted that, to succeed in an abuse of process claim, a plaintiff must show the following three elements: (1) "the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process;" (2) "the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process;" and (3) "damage resulted to the plaintiff as a result of such illegal act." *Id*. (citing *Liverman v. Payne–Hall*, 486 S.W.3d 1, 5 (Tex. App.—El Paso 2015, no pet.) (cleaned up)).

T.S. Dudley's motion contends, "Plaintiff has improperly used his blatantly baseless claims for age discrimination as a threat to blackmail Dudley into paying over

money to him and has attempted to interfere with Dudley's business relationships. Additionally, Plaintiff has abused the discovery process and is seeking information well beyond the scope of discoverable material in a further attempt to alienate Dudley from its clients and contractors. Plaintiff's use of this action as a tool to blackmail Dudley and seek information about individuals and entities that have nothing to do with his ADEA claim constitute an improper use of process for an improper purpose." As evidence to support its motion, T.S. Dudley points to Haskett's practice of naming clients as well as the entities who failed to hire him, his wide, and often improper, discovery requests and notices in this suit and others. T.S. Dudley contends that Haskett has "improperly used the Court's processes to seek information about individuals and entities who are completely unrelated to his claim for age discrimination against Defendant . . . ." T.S. Dudley points out that, in this case, Haskett has even threatened to subpoena the EEOC investigator assigned to his claim and that Haskett has an documented "extensive litigation history" in this and other courts.

In fact, T.S Dudley notes that at least one court now requires Haskett to seek its permission before filing any lawsuits in that jurisdiction. *See, e.g.,* Order Directing Phillip David Haskett to File a Motion for Permission to Appear Pro Se for All Future Cases in Which He Wishes to Appear as a Plaintiff in the Fourth Judicial District, *The Sarah D'ann Haskett Educational Trust v. Stevens*, Case No. 09CV264, District Court for El Paso County, Colorado, dated April 15, 2010 (finding Haskett had been involved in more than 60 cases in the State of Colorado, had engaged in problematic behavior during discovery and "misused the legal system for the purposes of harassing and intimating his

adversary"); *Haskett v. Flanders*, No. 13-CV-03392-RBJ-KLM, 2015 WL 5258848, at *2 (D. Colo. Sept. 10, 2015), aff'd, 654 F. App'x 379 (10th Cir. 2016) (finding "Mr. Haskett has a reputation for frivolous litigation" and that he is "something of a bully" who "engages in litigation as a hobby," including bragging "I invented the concept of phony counterclaims as bargaining chips.").

Nonetheless, although these items might be said to paint a rather unflattering and unpalatable picture of Haskett, they do _not_ necessarily establish that there is no genuine dispute of material fact as to Haskett's intent with respect to _this_ lawsuit. After considering the relevant case law regarding abuse of process, and in light of the summary judgment record before it, the Court finds that the summary judgment evidence presented by T.S. Dudley fails to establish that it is entitled to summary judgment on its abuse of process claim at this time.

Accordingly, the Court **DENIES** T.S. Dudley's motion for summary judgment.

SIGNED at Galveston, Texas, this 21st day of September, 2017.

_____
George C. Hanks Jr.
United States District Judge