IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PHILLIP DAVID HASKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14–CV–277 |
| | ) |
| T.S. DUDLEY LAND COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT T.S. DUDLEY LAND COMPANY, INC.'S OPPOSED MOTION FOR ATTORNEY'S FEES

Defendant, T.S. Dudley Land Company, Inc. ("Dudley"), hereby submits its Motion for Attorney's Fees pursuant to Fed. R. Civ. P. 54. Dudley should be awarded its attorney's fees and costs because Plaintiff's ADEA claim was frivolous, unreasonable, groundless, and Plaintiff continued to litigate this case after it became clear that he did not have evidence of age discrimination. Dudley should also be awarded attorney's fees because Plaintiff has issued discovery for improper purposes in violation of Fed. R. Civ. P. 26 and 37, has included abusive and harassing commentary to both counsel and the Court, and has repeatedly refused to follow Court Procedures of the Honorable George C. Hanks, Jr., ("Court Procedures"). These abuses of the litigation process have caused Dudley to incur unnecessary attorney's fees. For his discovery abuses, the Court "must impose" sanctions on Plaintiff under Fed. R. Civ. P. 26, and 37, and order Plaintiff to pay expenses caused by his abuses. The Court should also award Dudley attorney's fees for

Plaintiff's abuses of the litigation process, the Court, and counsel. Plaintiff opposes this Motion. A proposed order granting the relief requested herein is attached as Exhibit 1.

## I. INTRODUCTION

Plaintiff initiated this case with his claim that Dudley had refused to hire him in contravention of the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. §§ 630, *et seq.* Plaintiff pursued this claim based solely on the grounds that he had not been contracted for a position and that among the people engaged some, but not all, were under age forty. During this case, Plaintiff engaged in bad faith conduct that justifies an award of attorney's fees under *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978).

This action is abounding in examples of Plaintiff's contemptuous and abusive conduct. On several occasions Dudley has requested that the Court sanction Plaintiff for failing to cooperate with opposing counsel or for violations of the Federal Rules of Civil Procedure. Dudley submitted to this Court numerous examples of Plaintiff's misuse of this action and discovery process in its Motion for Partial Summary Judgment, Dkt. 113 ("Dudley's MSJ"), and its Response to Plaintiff's Motion for Summary Judgment and Brief in Support, Dkt. 202 ("Response to Plaintiff's MSJ") (collectively "Dudley's MSJ Briefs"). Dudley's MSJ Briefs detail the improper purposes for which Plaintiff has used process in this matter in violation of Fed. R. Civ. P. 11 and 26.[1] Dudley's MSJ Briefs are

---

[1] Dudley is simultaneously filing a Rule 11(b) Motion for Attorney's fees. Though both motions seek attorney's fees, Dudley is not seeking double recovery and would request that any hearing on the reasonableness of fees awarded be consolidated for judicial efficiency and to avoid duplicative awards of fees.

hereby incorporated by reference as though their contents were fully set forth herein. In addition to the violations set forth therein, Plaintiff has also undertaken to make this process as excruciatingly slow and expensive as possible. His irrational and aggressive communications demonstrate his refusal to cooperate in the management of this case during discovery in violation of Fed. R. Civ. P. 37.

In addition to being sanctionable under the Federal Rules of Civil Procedure, Plaintiff's conduct has wasted the time and resources of the Court. Plaintiff is also subject to the Court's inherent power to sanction a party acting in bad faith. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). The Federal Rules of Civil Procedure provide for sanctioning parties when they have signed or certified a document that is for an improper purpose in the process of discovery. Fed. R. Civ. P. 26(g)(1)(B)(ii), and 37(f). However, where parties act in bad faith without certifying a document or in relation to other parts of the litigation process, the Court maintains the inherent power to sanction. Here, Plaintiff's abusive communications, harassment of a witness, and other vexatious communications subject him the Court's inherent power to sanction.

## II.   FACTUAL BACKGROUND

Initially this case was dismissed for failure to state a claim. That ruling was later reversed by the Fifth Circuit Court of Appeals which noted that "actual proof" of Plaintiff's claims was improbable and remanded because the complaint "partially clears the low bar of Rule 12(b)(6)." Opinion, 7, Dkt. 29. Dudley's MSJ Briefs document the many ways in which Plaintiff's ADEA claim lacked evidentiary support and how his

claim, in fact, is based on what amounts to a conspiracy theory regarding the industry-wide scheme to exclude landmen over forty from contract landman positions.

After the Fifth Circuit reversed the Court's dismissal of Plaintiff's claim against Dudley, Plaintiff began issuing demands to the Court and harassing Dudley's counsel by email before mandate issued. Emails from Plaintiff to Laura McConnell-Corbyn, et al., May 31 to June 1, 2016, Exh. 2. Leading up to the initial status conference, Plaintiff refused to cooperate productively in preparing a Joint Status Conference Report and then refused to communicate with Mrs. McConnell-Corbyn or Ms. Powell at all. Emails from Plaintiff to Laura McConnell-Corbyn, et al., July 12, 2016, Exh. 3. Initially consenting to service by email, Plaintiff withdrew consent after Dudley served discovery requests by email. Emails from Plaintiff to Laura McConnell-Corbyn, et al., August 1, 2016, Exh. 4. Plaintiff continued to harass Dudley's counsel by email and began his extremely disrespectful practice of refusing to address counsel for Dudley by her correct name. Emails between Plaintiff and Laura McConnell-Corbyn, et al., August 1, 9, 2016, Exh. 4.

Plaintiff also made it extremely difficult to get a protective order in place. Initially, Plaintiff agreed that Dudley could submit a motion for protective order but then withdrew his agreement. Emails between Plaintiff and Laura McConnell-Corbyn, et al., August 11-18, 2016, Exh. 5. When asked simple, straight forward questions about his consent to the entry of a protective order Plaintiff could not resist engaging in his favorite past-time of making snide comments and remarks rather than merely answering the question. *Id.* The difficulty of communicating with Plaintiff increased the cost of litigation in this matter.

Dudley has previously submitted concerns about Plaintiff's conduct during the litigation process to the Court, including his failure to confer in good faith and follow Court Procedures and other rules. The following previously submitted documents set forth various grounds for sanction:

- Dkt. 46, Letter dated August 30, 2016, from Laura McConnell-Corbyn to the Honorable Vanessa D. Gilmore.
- Dkt. 56, Defendant's Response and Objection to Plaintiff's Motion to Modify Prior Discovery Order and Motion to Compel.[2]
- Dkt. 72, Defendant's Response to Plaintiff's Request for Guidelines on Deposition Conduct and for Magistrate Judge Supervision of All Depositions.
- Dkt. 112, Defendant's Response and Objections to Plaintiff's Opposed Motion to Disqualify Laura McConnell-Corbyn as Counsel for Defendant T.S. Dudley Land Company, Inc.
- Dkt. 122, Defendant T.S. Dudley Land Company, Inc.'s Response to Plaintiff's Opposed Motion *In Limine*.
- Dkt. 127, Defendant T.S. Dudley Land Company, Inc.'s Response to Plaintiff's Opposed Motion to Amend Scheduling Order.
- Dkt. 144, Defendant T.S. Dudley Land Company, Inc.'s Motion For Sanctions.
- Dkt. 152, Defendant T.S. Dudley Land Company, Inc.'s Motion to Strike Plaintiff's Witness List.
- Dkt. 153, Defendant T.S. Dudley Land Company, Inc.'s Motion to Strike Plaintiff's Exhibits.
- Dkt. 172, Defendant T.S. Dudley Land Company, Inc.'s Opposed Motion To Strike Plaintiff's Amended Witness And Exhibit Lists.
- Dkt. 185, Defendant T.S. Dudley Land Company, Inc.'s Opposed Motion To Strike Plaintiff's Amended Joint Pretrial Order [Dkt. 183] and Plaintiff's Revised Jury Instructions [Dkt. 184].

---

[2] Plaintiff's Reply in Support of Motion to Modify Prior Discovery Order and Rule 37(a) Motion to Compel Previous Discovery Requests, Dkt. 59, is evidence of Plaintiff's abusive communications in its own right as he denigrates the Court, opposing counsel, potential witnesses, etc. and was not filed for any purpose—having been filed after the order on his motion had already been entered. *See*, Order, Dkt. 58.

- Dkt. 190, Defendant T.S. Dudley Land Company, Inc.'s Response to Plaintiff's Motion for Hearing Pursuant to Fed. R. Evid. 201(e).
- Dkt. 195, Defendant T.S. Dudley Land Company, Inc.'s Opposed Motion To Strike Plaintiff's Untimely Motions, Dkt. 193 & Dkt. 194.

In each of the above-listed filings, Dudley has outlined the various instances of Plaintiff's failure to comply with the Federal Rules of Civil Procedure, Court Procedures, and various other grounds upon which sanctions are appropriate in this matter.

### III.   ARGUMENTS AND AUTHORITIES

#### A. Dudley Should Be Awarded Attorney's Fees and Costs Because Plaintiff's ADEA Claim Lacked Merit and was Brought in Bad Faith.

Awards of attorney's fees and costs against ADEA plaintiffs are authorized where the Court finds in its discretion that the claim "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). Additionally, this Court has inherent authority to sanction any party appearing before it for bad faith conduct or abusing of the litigation process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991). Here, Plaintiff's claim lacked factual support from the outset and was litigated in bad faith throughout. Plaintiff's choice to pursue his claim without evidence is underscored by bad faith conduct, hostile communications with Dudley's counsel, and a general unwillingness to comply with Court instructions. For these reasons, this Court should award attorney's fees and costs to Dudley.

Under the American Rule, parties are usually responsible for their own attorney's fees. However, where an ADEA plaintiff brings a case lacking legal and factual support and litigates in bad faith, attorney's fees are appropriate. *McKethan v. Texas Farm*

*Bureau*, 35 F.3d 559, 1994 WL 499701 (5th Cir. 1994) (unpublished). One ground upon which to base a finding of bad faith is rooted in the merits of the claim itself. The baseless nature of Plaintiff's claim was detailed in Dudley's MSJ, Dkt. 113, and borne out in Plaintiff's lack of response to Dudley's Motion for Summary Judgment on his ADEA claim. Plaintiff's Dispute of Material Facts Relied on By Defendant T.S. Dudley's Motion for Summary Judgment, Dkt. 102. Plaintiff's improper motives in bringing an ADEA claim were also detailed in Dudley's Response to Plaintiff's MSJ, Dkt. 202.

In *McKethan v. Texas Farm Bureau*, the defendant was awarded fees based on, in part, evidence showing that the ADEA claim was brought to remedy an ancillary issue at the employer's office and in retaliation for a perceived slight not to recover for age discrimination. 1994 WL 499701 at 2. Plaintiff likewise brought his ADEA claim with improper motives and used discovery in this case to further ancillary agendas. Plaintiff's improper motives for bringing the ADEA claim include revenge on Dudley and other companies for refusing to hire him in line with his conspiracy theory and his desire to gather evidence for distinct claims against third parties. *See* Dudley's MSJ Briefs. Plaintiff's subjective belief in the conspiracy theory or that his claim was not brought in bad faith does not preclude this Court from finding bad faith in reliance on circumstantial evidence of his bad faith. *McKethan*, 1994 WL 499701 at 2.

Additionally, upon realizing that he had no evidence of age discrimination, Plaintiff could have avoided potential liability for attorney's fees by abandoning his age discrimination claim. *See Fassbender v. Treasure Chest Casino*, No. CIV.A. 07-5265, 2008 WL 170071, at *9 (E.D. La. Jan. 16, 2008). Rather than abandon his ADEA claim

7

when Dudley filed a motion for summary judgment, Plaintiff submitted a document merely denying Dudley's statement of material facts without submitting any evidence of age discrimination. *See* Plaintiff's Dispute of Material Facts Relied on By Defendant T.S. Dudley's Motion for Summary Judgment, Dkt. 102. Moreover, Plaintiff unilaterally cancelled scheduled depositions of Dudley's representatives on the same date he finally responded to Dudley's Motion for Summary Judgment on his ADEA claim. *Id.* Plaintiff has steadfastly adhered to his pledge to take this matter through the inevitable motion for summary judgment and appeal that he promised in his initial "threat" to settle this matter.

In addition to its authority to sanction bad faith ADEA plaintiffs, federal courts have inherent power to award attorney's fees to a party when its opponent has engaged in bad faith, vexatious, wanton, or oppressive litigation. *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59. Where a party delays and disrupts litigation, disobeys a court order, or abuses the litigation process, the court has equitable inherent power to tax attorney's fees against the party. *Chambers*, 501 U.S. at 45-46. Such sanctions are justified by a party's bad conduct during the litigation and do not depend on prevailing party status. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1502-03 (5th Cir. 1995). Because Plaintiff used this litigation to abuse counsel and witnesses and to make disparaging comments about the Court in correspondence and pleadings, this Court should sanction Plaintiff and award attorney's fees to Dudley. In *Chambers v. NASCO, Inc.*, the Supreme Court affirmed an attorney's fee award as an appropriate exercise of the court's inherent power to manage its own affairs. 501 U.S. at 43-44. In what should have been a simple breach of contract case, the defendant, Chambers, refused discovery requests, filed meritless motions and

8

pleadings, and took delaying actions that resulting in warnings from the Court. *Id.* at 38. Among the multitude of improper conduct, the trial court also noted that Chambers "devise[d] a plan of obstruction and delay, harassment, and expense sufficient to reduce NASCO to a condition of exhausted compliance." *Id.* at 41 (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 124 F.R.D. 120, 136 (W.D. La. 1989)). Likewise, Plaintiff told Dudley that if it did not accept his extortion demand after remand from the Fifth Circuit, he would perpetrate a similar scheme in an attempt to exhaust Dudley into paying him for his baseless ADEA claim. Moreover, Plaintiff's efforts were not merely directed at Dudley but also resulted in successfully settled suits against other entities that did not have the strength to resist him. As the Court is well aware, it is often less expensive for a party to settle a case than go to trial even in the face of a meritless claim.

### B. Dudley Should Be Awarded Attorney's Fees And Costs Under Fed. R. Civ. P. 26(g) and 37.

Discovery requests issued for improper purposes are sanctionable under Fed. R. Civ. P. 26(g). Additionally, failure to cooperate in discovery in good faith can also result in sanctions under Fed. R. Civ. P. 37. Dudley's MSJ Briefs detail numerous abuses that Dudley believes constitute an abuse of process but which are also sanctionable under the Federal Rules of Civil Procedure. Dudley's MSJ Briefs explain how Plaintiff used discovery and other filings for improper purposes. Dudley will not belabor those points here, having incorporated Dudley's MSJ Briefs by reference. However, it should be noted that Plaintiff's litigation tactics were designed to (1) extort money from Dudley through attrition and (2) use the intervening discovery to investigate ancillary claims.

Plaintiff's conduct in discovery, particularly his refusal to follow the most basic Court instructions to schedule depositions, caused Dudley to seek Court intervention on numerous occasions. *E.g.* Defendant's Application for Protective Order, Dkt. 38; Defendant's Discovery Dispute Letter, Dkt 70; Defendant's Discovery Dispute Letter, Dkt 77; Opposed Motion for Court Assistance in Scheduling Video Trial Deposition of Expert Witness, Dkt. 141. The record is replete with examples of Plaintiff's obstinacy and refusal to resolve discovery disputes in good faith. Plaintiff has clearly demonstrated over the last two years that he is incapable of negotiating an agreement to a reasonable middle ground. His take-it-or-leave-it negotiation style has forced Dudley to incur unnecessary attorney's fees. Though his well documented refusal to participate in creating the initial discovery plan has long since passed, his continued pattern of refusing to cooperate in the execution of that plan should be sanctioned pursuant to Fed. R. Civ. P. 37.

## IV.   CONCLUSION

Dudley respectfully requests that, for the reasons stated herein, and in the previously-filed motions for sanctions in this matter, Dudley should be granted its attorney's fees, subject to a reasonableness hearing, against Plaintiff for his sanctionable conduct under the Court's inherent powers, for his refusal to follow the orders and instructions of the Court, and for his failures to comply with the Federal Rules of Civil Procedure and for such further relief as the Court deems appropriate in this matter.

Attached hereto is a statement of the attorney's fees and costs incurred by Dudley, Exh. 6, along with Dudley's Bill of Costs, Exhibit 7.

Respectfully submitted,

BY: /s/ Ashley L. Powell
    Laura McConnell-Corbyn, OBA #12394
        Attorney in Charge
    Ashley L. Powell, OBA #31689
    **HARTZOG CONGER CASON & NEVILLE**
    1600 Bank of Oklahoma Plaza
    201 Robert S. Kerr Avenue
    Oklahoma City, Oklahoma 73102
    (405) 235–7000 (Telephone)
    (405) 996–3403 (Facsimile)
    lmcconnell@hartzoglaw.com
    apowell@hartzoglaw.com

-and-

Esteban Shardonofsky
Texas State Bar No. 24051323
sshardonofsky@seyfarth.com
**SEYFARTH SHAW, LLP**
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
**ATTORNEYS FOR DEFENDANT,
T.S. DUDLEY LAND COMPANY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March, 2018, a true and correct copy of the foregoing instrument was served upon Plaintiff, as listed below, by certified mail return receipt requested:

Phillip David Haskett, *Pro Se*
P.O. Box 1941
League City, Texas 77574

/s/ Ashley L. Powell
Ashley L. Powell
