UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-277 |
| | § | |
| T.S. DUDLEY LAND COMPANY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Pending before the Court are the defendant's "Motion for Attorney's Fees" and "Rule 11(b) Motion for Sanctions" (Dkt. 208 and Dkt. 210). After careful consideration of the entire record and the parties' arguments, the motions are denied.[1]

### A.   **Procedural background**

*Pro se* plaintiff Phillip David Haskett ("Haskett") filed this action against Defendant T.S. Dudley Land Company, Inc. ("Dudley") asserting claims for age-related discrimination under the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. § 623. The Court granted summary judgment in favor of Dudley. Before the Court entered a final judgment, Dudley filed the pending sanctions motions against Haskett. In the motions, Dudley argues that the Court should award attorney's fees as a sanction against Haskett for prosecuting this case in an "abusive and harassing" manner and "in

---

[1] This is Dudley's second motion for sanctions; the Court denied the first (Dkt. 144 and Dkt. 179).

bad faith." In support of its motions, Dudley has provided extensive documentation of Haskett's alleged rude and unprofessional behavior in this lawsuit and others. The Court entered a final judgment but retained jurisdiction over Dudley's request for sanctions and attorney's fees (Dkt. 205, Dkt. 223, and Dkt. 226). *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524–25 (5th Cir. 2002). The Court considers the motions below.

### B. Attorney's fees—inherent sanction power

First, Dudley argues that the Court should exercise its inherent powers to award attorney's fees as sanctions against Haskett for his behavior.

The ADEA does not contain a provision allowing a prevailing defendant to recover attorney's fees. Accordingly, "the 'American Rule' applies and the defendant must show bad faith on the plaintiff's part in order for a district court to award attorney's fees to a prevailing defendant." *Flanagan v. Havertys Furniture Cos, Inc.*, 484 F. Supp. 2d 580, 581 (W.D. Tex. 2006) (citing cases). As the Supreme Court and the Fifth Circuit have explained, "the imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1503 (5th Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991)) (quotation marks omitted; emphasis in *Guevara* removed). *Chambers* allows a district court to "sanction parties for conduct that occurs in portions of the court proceeding that are not part of the trial itself[,]" but the Fifth Circuit has "qualified *Chambers* by emphasizing that its rule allows sanctions for conduct beyond that occurring in trial *when a party engages in bad-faith conduct which is in direct defiance of the sanctioning court.*" *F.D.I.C. v. Maxxam, Inc.*,

523 F.3d 566, 591 (5th Cir. 2008) (citing *CJC Holdings, Inc. v. Wright & Lato*, 989 F.2d 791, 794 (5th Cir. 1993)) (quotation marks omitted; some emphasis added). Ultimately, "[a] court should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Boland Marine & Manufacturing Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quotation marks omitted); *see also Maxxam*, 523 F.3d at 590.

Haskett makes an inviting target for sanctions; he has been described by another federal judge as "something of a bully who prides himself on using litigation to bring an adversary to his knees." *See Haskett v. Flanders*, No. 13-CV-3392, 2015 WL 5258848, at *1–*6 (D. Colo. Sept. 10, 2015), *aff'd*, 654 Fed. App'x 379 (10th Cir. 2016) (noting that Haskett, in his own words, "enjoy[s] litigation as a hobby" and uses "phony counterclaims as bargaining chips"). That judge was in Colorado, a state in which Haskett apparently "has a reputation for frivolous litigation" and in which the Fourth Judicial District has barred him from appearing *pro se* as a plaintiff without, among other requirements, obtaining the court's express permission and posting a bond sufficient to protect the interests of the adverse party.[2] *Id*. at *1–2. As the Court has pointed out, this case is itself "one of a series of strikingly similar lawsuits Haskett has filed in this Court, each alleging that various Defendants unlawfully discriminated against him because

---

[2] According to the Colorado state judge's order, the stringent districtwide sanctions levied therein had the express approval of the Chief Judge of Colorado's Fourth Judicial District, as another trial judge in that district had already barred Haskett from litigating *pro se* without requesting permission (Dkt. 202-9).

(according to Haskett) their sole reason for not hiring him was that they guessed his age after reading his resume online" (Dkt. 177 at p. 1).[3]

Nevertheless, Haskett's conduct in this case, taken alone, does not rise to a level of egregiousness that justifies the fee-shifting sanction sought by Dudley. While Haskett's filings contain *ad hominem* attacks against both opposing counsel and parties, the record does not reflect that Haskett has directly defied any orders issued by the Court in this lawsuit or actively sought by extrajudicial means to impede the Court's ability to fairly and properly adjudicate this case. *Cf. Chambers*, 501 U.S. at 36–42 (affirming sanctions when the seller in a breach-of-contract dispute—who eventually affirmatively stipulated not only that the contract was enforceable but that he had breached it—orchestrated a sham sale of the subject properties in an attempt to eviscerate the district court's power to command specific performance of the contract; "intentionally withheld th[at] information from the court" when specifically asked about a potential sale to a third party; and then, in defiance of injunctive orders specifically designed to preserve the subject property during the litigation, continued to pursue extrajudicial means of avoiding the sale). Nor has Haskett conceded that his ADEA claim lacks merit—rather, he continues to insist on appeal (as he did before this Court) that this Court "unfairly denied [him] adequate discovery on all matters at issue which were eventually decided summarily by the Court" (Dkt. 216 at p. 2). Accordingly, Dudley has not met its burden to show that a fee-shifting sanction is warranted under the "American Rule."

---

[3] *See* Southern District of Texas case numbers 3:14-CV-257; 3:14-CV-279; 3:14-CV-280; 3:14-CV-281; and 3:14-CV-348.

### C. Attorney's fees—Rule 11

In the alternative, Dudley argues that the Court should award attorney's fees as a sanction against Haskett under Federal Rule of Civil Procedure 11. Dudley argues that Rule 11 sanctions are warranted because Haskett "filed this action for improper purposes" and has prosecuted this action in a way that is "calculated only to cause unnecessary delay and force Dudley to incur fees to respond to his inflexible demands" (Dkt. 210).

Rule 11 sanctions can include "part or all of the reasonable attorney's fees and other expenses directly resulting from [a] violation" of Rule 11(b). Fed. R. Civ. P. 11(c)(4). Rule 11(b) requires that a party,

> when signing a pleading or any other paper before the court, certify four specific representations: that the party is not filing the paper for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; its claims or defenses are plausible under existing or potential future law; the allegations are supported by evidence or likely to be supported with further investigation; and that any denials of allegations are so supported.
> *Maxxam*, 523 F.3d at 577 (quotation marks and emphasis omitted).

"A violation of any one of these, including filing for an improper purpose, can merit sanctions." *Id*. Rule 11, as implied by the broad phrase "pleading or any other paper," continues to impose its obligations after the lawsuit's initial filing—a plaintiff, for instance, can still "violate Rule 11 if it filed a case that it reasonably thought had merit, but pursued it in a manner calculated to increase the costs of defense[.]" *Id*. at 583–84. "[I]n determining compliance *vel non* with each [Rule 11] obligation, the standard under which an attorney is measured is an objective, not subjective, standard of

reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (quotation marks omitted); *see also Maxxam*, 523 F.3d at 581 ("Our emphasis on an objective inquiry has been emphatic; we have expressly rejected any subjective inquiries into the motivation behind a filing[.]"). A district court generally "is not to read an ulterior motive into a document well-founded in fact and law," although it "may do so in exceptional cases where the improper purpose is objectively ascertainable." *Maxxam*, 523 F.3d at 580–81 (quotation marks, emphasis, and ellipse removed).

Dudley has specifically asked the Court to sanction Haskett under Rule 11's "improper purpose" language. Under this Rule, Haskett can be sanctioned if Dudley can show that: (1) Haskett would not reasonably have filed this lawsuit but for an improper purpose; or (2) after the initial filing, an "invalid purpose . . . manifest[ed] itself in [Haskett's] continuing of [the] litigation for the objectively ascertainable purposes of harassment or delay[.]" *Id*. at 583–86. When "asking whether a party pursued an illegitimate purpose to increase costs or to harass a party—regardless of the weight of that purpose in filing suit—[the district court] must identify unusual [and objectively ascertainable] circumstances that show such purposes[,] one example of which is excessive filing." *Id*. at 585–86 (some quotation marks omitted). "The issues involved in determining whether an attorney has violated Rule 11 . . . involve fact-intensive, close calls." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990) (quotation marks omitted).

reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (quotation marks omitted); *see also Maxxam*, 523 F.3d at 581 ("Our emphasis on an objective inquiry has been emphatic; we have expressly rejected any subjective inquiries into the motivation behind a filing[.]"). A district court generally "is not to read an ulterior motive into a document well-founded in fact and law," although it "may do so in exceptional cases where the improper purpose is objectively ascertainable." *Maxxam*, 523 F.3d at 580–81 (quotation marks, emphasis, and ellipse removed).

Dudley has specifically asked the Court to sanction Haskett under Rule 11's "improper purpose" language. Under this Rule, Haskett can be sanctioned if Dudley can show that: (1) Haskett would not reasonably have filed this lawsuit but for an improper purpose; or (2) after the initial filing, an "invalid purpose . . . manifest[ed] itself in [Haskett's] continuing of [the] litigation for the objectively ascertainable purposes of harassment or delay[.]" *Id*. at 583–86. When "asking whether a party pursued an illegitimate purpose to increase costs or to harass a party—regardless of the weight of that purpose in filing suit—[the district court] must identify unusual [and objectively ascertainable] circumstances that show such purposes[,] one example of which is excessive filing." *Id*. at 585–86 (some quotation marks omitted). "The issues involved in determining whether an attorney has violated Rule 11 . . . involve fact-intensive, close calls." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990) (quotation marks omitted).

The record reflects that the relationship between Haskett and Dudley's counsel began in acrimony and continued to deteriorate throughout the litigation. Dudley's original answer included a Texas state-law counterclaim for abuse of process that openly accused Haskett of using this lawsuit to "blackmail" and extort "protection money" from Dudley (Dkt. 32 at pp. 7–13). One month later, in a motion requesting that this Court dismiss the counterclaim on the pleadings, Haskett described the counterclaim as "shrill character assassination" designed "to manufacture an excuse to impugn [Haskett] with the Court or Jury" and as "a dismal example of the contempt each of [Dudley's] counsel has for their obligations to the Court under Rule 11" (Dkt. 37 at p. 11). The record contains numerous email exchanges demonstrating how this reciprocal assumption of bad faith poisoned all communications between the parties, to the point where Haskett and Dudley's counsel were unable even to collaborate on a joint pretrial order and as a result filed separate pretrial orders (Dkt. 134 and Dkt. 142).[4]

However the animosity between the parties, bitter and deep though it is, does not alone amount to an unusual, objectively ascertainable circumstance showing that Haskett continued this litigation for an illegitimate purpose. *See Maxxam*, 523 F.3d at 585–86 (clarifying that, in identifying unusual circumstances that establish a bad-faith manner of pursuing a case, a court must "look to objectively ascertainable circumstances rather than

---

[4] Dudley unsuccessfully moved for sanctions based on Haskett's alleged "flat out refus[al] to confer regarding the Pretrial Order" (Dkt. 144). Haskett's response accused Dudley's counsel of engaging in "unethical litigation tactics" by trying "to paint [Haskett] as non-compliant with the federal and local rules while demonstrating disdain for those same rules herself, for instance by deliberately failing to serve [Haskett] her motion for summary judgment and then lying to the Court about it when discovered" (Dkt. 168).

subjective intent, one example of which is excessive filing") (quotation marks omitted). Here Dudley has not established that the record contains objectively ascertainable circumstances showing either that Haskett would not reasonably have filed this lawsuit but for an improper purpose or that, after the initial filing, an improper purpose manifested itself in Haskett's continuing of the litigation for the objectively ascertainable purposes of harassment or delay. Over the course of many years of litigating *pro se*, Haskett has developed a keen sense of just where the line is drawn; and under the applicable legal standards his behavior in this case falls short of sanctionable under Rule 11.

### D. Conclusion

The Court **DENIES** Dudley's motions for sanctions (Dkt. 208 and Dkt. 210). The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 18-40167.

SIGNED at Galveston, Texas, this 21st day of December, 2018.

_George C. Hanks Jr._  
George C. Hanks Jr.  
United States District Judge